LP

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

$\#350$

AMI ENTERTAINMENT NETWORK, INC.    )
155 Rittenhouse Circle    )
Bristol, Pennsylvania 19007    )
    )              **10    6848**
         Plaintiff,    )
    )         Civil Action No.
    )
MTV Networks, a division of    )
Viacom Inc.    )
1515 Broadway    )         **JURY TRIAL DEMANDED**
New York, New York 10036    )
    )         **FILED**
Viacom Inc.    )
1515 Broadway    )         NOV 22 2010
New York, New York 10036    )
         Defendants.    )         MICHAEL E. KUNZ, Clerk
                                          By_____ Dep. Clerk

**COMPLAINT**

Plaintiff, AMI Entertainment Network, Inc. brings this Complaint for trademark

infringement and Unfair Competition against Defendants MTV Networks and Viacom Inc., as

outlined below.

**THE PARTIES**

1.    Plaintiff AMI Entertainment Network, Inc. ("AMI") is a Pennsylvania

Corporation with its principal place of business at 155 Rittenhouse Circle, Bristol, Pennsylvania

19007.

2.    Upon information and belief, Defendant MTV Networks ("MTV") is a Delaware

corporation with its principal place of business at 1515 Broadway, New York, New York 10036.

3.     Upon information and belief, Defendant Viacom Inc. ("Viacom") is a Delaware corporation with its principal place of business at 1515 Broadway, New York, New York 10036.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Counts I and II of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 as the present case arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, as amended, as is described hereinafter more fully.

5.     Upon information and belief, Defendants are subject to the jurisdiction of this Court because the action is between parties with complete diversity of citizenship and the value of the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000) exclusive of interests and costs.

6.     Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants transact business in the Eastern District of Pennsylvania.

7.     Defendants have been and are now promoting and providing various online games consisting of and/or incorporating AMI's registered PHOTO HUNT trademark and name, which is the subject of this action.

8.     Upon information and belief, Defendants have committed acts of deliberate and intentional acts of trademark infringement and unfair competition, as fully described below, in this District and elsewhere.

## FACTS

9.     AMI has used PHOTO HUNT as a trademark and name and as a component of trademarks for its computerized video table games and/or downloadable electronic games via the internet.

10.     On June 8, 1998, Merit Acquisition Corp. applied for registration of its PHOTO HUNT trademark with the United States Patent and Trademark Office in connection with goods described as "coin-operated video output game machines" (hereinafter "Plaintiff's first application"). Merit Acquisition Corp. later changed its name to Merit Industries, Inc. in 1998. Merit Industries, Inc. then later changed its name to AMI Entertainment Network, Inc. in 2009.

11.     On January 18, 2000, the Untied States Patent and Trademark Office issued US Trademark Registration No. 2,308,666 for Plaintiff's PHOTO HUNT mark covering the goods identified above.  A copy of the registration is attached hereto as Exhibit A.

12.     AMI is the assignee and owner of Registration No. 2,308,666.

13.     Registration No. 2,308,666 is valid, subsisting and incontestable.

14.     On July 10, 2009, AMI filed US Trademark Application Serial No. 77/778,283 for registration of its PHOTO HUNT trademark for goods described as "computer and electronic game programs, computer and electronic game software, computerized video table games, downloadable electronic games via the internet and wireless devices" (hereinafter "Plaintiff's second application).

15.     Plaintiff's second application was approved and published for opposition on October 12, 2010. The opposition period for Plaintiff's second application has ended and the records of the United States Patent and Trademark Office do not reveal the filing of any

3

opposition against the foregoing application. Upon information and belief, a Certificate of Registration for Plaintiff's second application is expected to issue within the coming months.

16.     AMI has continuously used PHOTO HUNT in commerce as a trademark since at least as early as 1997.

17.     By virtue of AMI's long-standing, continuous and substantially exclusive use in commerce of its PHOTO HUNT trademark and the commercial success of the goods and services offered under the mark, AMI's PHOTO HUNT trademark is recognized as an indicator of goods and services originating from, sponsored by, or otherwise associated with AMI.

18.     AMI's Trademark Registration No. 2,308,666 for PHOTO HUNT issued prior to Defendants' infringing acts.

19.     AMI has advertised, marketed and sold and continues to advertise, market and sell goods under the PHOTO HUNT trademark to the general public.

20.     Long after AMI commenced use in commerce of its PHOTO HUNT mark, Defendants, without authorization from AMI, began using PHOTO HUNT as a mark and name in connection with various electronic games directed to finding items in photographs.

21.     Upon information and belief, Defendants own and/or operate the following websites: http://www.mtv.com/games/arcade/game/play.jhtml?arcadeGameId=10140414, offering a game entitled "Hundred Dolla Bill Photo Hunt" and using the PHOTO HUNT mark (*See* Exhibit B); http://games.vh1.com/online.php?gid=129, offering a game entitled "Scott Baio Photo Hunt" and using the PHOTO HUNT mark (*See* Exhibit C); and http://games.vh1.com/online.php?gid=148, offering a game entitled "What Perez Sez Photo Hunt" and using the PHOTO HUNT mark (*See* Exhibit D).

4

22.     Defendants' "Hundred Dolla Bill Photo Hunt," "Scott Baio Photo Hunt" and "What Perez Sez Photo Hunt" names all fully incorporate AMI's registered PHOTO HUNT trademark.

23.     Defendants' adoption and use of the "Hundred Dolla Bill Photo Hunt," "Scott Baio Photo Hunt" and "What Perez Sez Photo Hunt" names diminishes and trades upon the goodwill and reputation of AMI's registered and incontestable PHOTO HUNT trademark.

24.     Upon information and belief, the aforementioned games are marketed and offered and advertised through the same or similar channels of trade as AMI's PHOT HUNT-branded goods.

25.     Defendants' continued use of AMI's registered PHOTO HUNT trademark and name is likely to result in confusion among the general consuming public, such that persons will mistakenly believe that Defendants PHOTO HUNT games are associated or affiliated with and/or endorsed or sponsored by AMI, due to Plaintiff's long and prior use of its registered PHOTO HUNT trademark.

26.     AMI has made efforts to contact Defendants through counsel to try and resolve this dispute, but, to date, Defendants have refused to respond or voluntarily cease their use of Plaintiff's registered PHOTO HUNT trademark and name.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §1051 *et. seq.*)

27.     AMI re-alleges and incorporates by reference paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28.    AMI is the owner of the federally registered and incontestable PHOTO HUNT trademark and is the prior user of the PHOTO HUNT mark in connection with video game machines and computer and electronic game-related products and servcies.

29.    The federally registered PHOTO HUNT trademark identifies the source of Plaintiff's video game machines and computer and electronic game-related products and services.

30.    Defendants have been using the PHOTO HUNT mark/name in interstate commerce in connection with computer and electronic game-related products/services and are currently using the foregoing mark/name.

31.    Defendants' unlawful acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

32.    Defendants' knowing and unauthorized use of PHOTO HUNT is confusingly similar to AMI's PHOTO HUNT trademark is likely to cause confusion or to cause a mistake or to deceive the purchasing public and constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1051 through 1137, specifically § 32(a) of the Lanham Act, 15 U.S.C. § 1114.

33.    As a direct consequence of Defendants' unlawful acts and conduct, AMI has suffered and will continue to suffer damage to its business, reputation and goodwill for which Plaintiff is entitled to relief.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND
## FALSE DESIGNATION OF ORIGIN - 15 U.S.C. § 1125(a)

34.    AMI re-alleges and incorporates by reference paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35.     As a result of longstanding and extensive use and wide recognition among the general consuming public, AMI's PHOTOHUNT trademark has become distinctive as an indication of the source of its video game machines and computer and electronic game-related products/services.

36.     Defendants have knowingly and willfully used the Hundred Dolla Bill Photo Hunt," "Scott Baio Photo Hunt" and "What Perez Sez Photo Hunt" names in commerce, marks/names that fully incorporate AMI's PHOTO HUNT trademark.

37.     Defendants' use of the Hundred Dolla Bill Photo Hunt," "Scott Baio Photo Hunt" and "What Perez Sez Photo Hunt" names in connection with computer and electronic game-related products and services is likely to cause confusion or to cause a mistake or to deceive as to affiliation, connection or association and constitutes false designation of origin within the meaning of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.     The aforesaid acts constitute federal unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39.     As a direct consequence of Defendants' unlawful acts and practices, AMI has suffered, will continue to suffer and/or is likely to suffer damage to its business reputation and goodwill, for which AMI is entitled to relief.

40.     By reason of Defendants' unlawful acts and practices, Defendants have caused, are causing and, unless such acts are enjoined by the Court, will continue to cause irreparable harm to AMI for which there is no adequate remedy at law and for which AMI is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, AMI requests the following relief:

A.     That Defendants, their officers, directors, shareholders, principals, agents, servants, employees, attorneys and related companies, and all persons in active concert or participation with one or more of them, be preliminarily and permanently enjoined and restrained from unlawfully using the Hundred Dolla Bill Photo Hunt," "Scott Baio Photo Hunt" and "What Perez Sez Photo Hunt" marks/names and any mark/name that is confusingly similar to and/or incorporates PHOTO HUNT in connection with any and all computer and electronic game-related products/services.

B.     That this Court award AMI damages adequate to compensate AMI for Defendants' acts of trademark infringement and unfair competition.

C.     That AMI be awarded its actual damages and lost profits in an amount to be proven at trial.

D.     That Defendants be required to account for any profits attributable to their infringing acts.

E.     That AMI be awarded the greater of three times Defendants' profits or three times any damages sustained by AMI and prejudgment interest.

F.     That punitive damages be awarded to AMI.

G.     That Defendants be required to remove all references to PHOTO HUNT from any and all of their websites and/or from any and all printed materials that bear PHOTO HUNT as a mark or name or component of a mark or name, or any other colorable imitation of Plaintiff's PHOTO HUNT mark.

H.     That Defendants be required to pay Plaintiff's costs of this action together with reasonable attorneys' fees and disbursements.

I.    That AMI have such other and further relief as the Court may deem equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Date: 22 Nov. 2010

By _____
John D. Simmons (PA ID No. 202405)
Michael J. Leonard (PA ID No. 204671)
Bijal Shah-Creamer (PA ID No. 208572)
PANITCH SCHWARZE BELISARIO & NADEL L.L.P.
One Commerce Square
2005 Market Street - Suite 2200
Philadelphia, PA 19103-7086
Telephone: (215) 965-1330
Direct Dial: (215) 965-1268
Facsimile: (215) 965-1331
E-Mail: jsimmons@panitchlaw.com

*Attorneys for Plaintiff*
AMI Entertainment Network, Inc.